# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF SCOTT HULTMAN, etc., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>COUNTY OF VENTURA, etc., et al.,<br><br>    Defendants. | CV 21-6280 DSF (RAOx)<br><br>ORDER RE NOTICE OF UNAVAILABILITY |

On December 23, 2021, counsel for certain defendants filed a document titled Notice of Unavailability. This Court's Standing Order, dkt. 9, filed in this case on August 4, 2021, provides:

> **16. "Notice of Unavailability"**
>
> While the Court expects that counsel will conduct themselves appropriately and will not deliberately schedule Court or other proceedings when opposing counsel are unavailable, a "Notice of Unavailability" has no force or effect in this Court and should not be filed. The filing of such a document may result in sanctions.

The filing of the Notice of Unavailability violates this Court's Standing Order. To the extent the Notice is meant to communicate with opposing counsel, it should not have been filed

with the Court. The Court expects that all counsel will act professionally when scheduling depositions, hearings, etc. To the extent the Notice was meant to communicate with the Court, it is inappropriate. Counsel lacks the authority to usurp the Court's control of its own docket. The Court cannot keep track of the hundreds of counsel who have matters before it at any point in time to be sure it sets no matters that are inconvenient for one of them. The Court does not maintain a calendar indicating when each lawyer appearing before it is "unavailable." Should the Court set a matter when counsel is justifiably unavailable, a stipulation or request to continue the matter should be filed, with an explanation of the grounds for the unavailability.

Contrary to the suggestion in the Notice, Tenderloin Housing Clinic, Inc. v. Sparks, 8 Cal. App. 4th 299 (1992) provides no basis for filing such a Notice, even in California state courts. Carl v. Superior Court, 157 Cal. App. 4th 73 (2007); In re Marriage of Falcone, 164 Cal. App. 4th 814, 824 (2008). It certainly has no effect in this Court.

Counsel is ordered to show cause in writing no later than January 6, 2022 why he should not be sanctioned in the amount of $250 payable to the Clerk of the Court for violation of this Court's Standing Order. A hearing on the Order to Show Cause is set for January 10, 2022 at 1:30 p.m. No other counsel need appear. Payment of $250 to the Clerk of the Court of the Central District of California (and the filing of a declaration stating the sanctions have been paid) by January 5, 2022 will be a sufficient response to this Order to Show Cause.

IT IS SO ORDERED.

Date: December 24, 2021

Dale S. Fischer
United States District Judge