# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMER DARVISH, etc.,<br>      Plaintiff,<br><br>      v.<br><br>AEGIS FINANCIAL<br>CONSULTING, LLC,<br>      Defendant. | CV 22-2226 DSF (PLAx)<br><br>Order to Show Cause re<br>Adequacy of Counsel |

      Although adequacy of counsel is ordinarily determined at a later stage of the proceedings, it appears an early preliminary determination of whether Plaintiff's counsel is likely to be found adequate would serve the interests of the putative class and of judicial economy.  Therefore, Plaintiff's counsel and other counsel who are likely to play a significant role are ordered to show cause in writing no later than December 15, 2022 why they would be adequate counsel to represent the class if a class were certified.  In appointing class counsel, the Court:

  (A) must consider:
      (i) the work counsel has done in identifying or investigating potential claims in the action;

   (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
   (iii) counsel's knowledge of the applicable law; and
   (iv) the resources that counsel will commit to representing the class;
 (B) may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class;
 (C) may order potential class counsel to provide information on any subject pertinent to the appointment and to propose terms for attorney's fees and nontaxable costs.
Fed.R.Civ.P. 23(g)(1).

  The response must provide full and complete information responsive to Rule 23(g)(1)(A) and (B), and sufficient for the Court to make an informed decision. Among other things, counsel[1] must:

  1. Identify (by court, filing date, judge's name, case name, case number, etc.) all putative class actions filed by any law firm[2] and any individual attorney seeking to be named as class counsel in any court, and state whether a motion for class certification was filed, whether a class was certified, and, if so: (1) whether the motion was opposed or stipulated as part of a settlement and (2) whether the firm or attorney was named as class counsel. (If there are more than 20 for any individual or firm, describe the most recent 20, <u>all</u> cases in which a certification motion was filed, and <u>all</u> cases in which certification was denied or counsel was not named as class counsel). If a class certification motion was denied, specify the reasons given by the court and provide a copy of the opinion or decision;

---

[1] This information must be provided for <u>all</u> counsel who seek to be named class counsel. This information must be updated if an additional attorney seeks to be named as class counsel

[2] When identifying a law firm, identify the names of the specific attorneys within the firm who were named as class counsel.

      2.  If not included in the response to the previous paragraph, identify (by court, filing date, judge's name, case name, case number, etc.) all cases in which there was a contested class certification motion filed by any law firm and any individual attorney seeking to be named as class counsel.  If a class certification motion was denied or any law firm or any individual attorney seeking to be named as class counsel was not named class counsel, specify the reasons given by the court and provide a copy of the opinion or decision;

      3.  Describe the trial experience of each individual attorney seeking to be named as class counsel;

      4.  Describe the experience of each individual attorney seeking to be named as class counsel in other complex cases and in the types of claims asserted in this action, describe the nature of the cases/claims, identify the cases (by court, filing date, judge's name, case name, case number, etc.) (if there are more than 20 for any individual or firm, describe the most recent 20);

      5.  Identify (by court, filing date, judge's name, case name, case number, etc.) <u>all</u> cases in which the court found any law firm or any individual attorney seeking to be named here as class counsel not to be adequate to represent a class or otherwise declined to grant counsel's request to be appointed, specify the reasons given by the court, and provide a copy of the opinion or decision;

      6.  Identify (by court, filing date, judge's name, case name, case number, etc. or other appropriate description) <u>all</u> cases (not limited to class actions or putative class actions), proceedings, or circumstances in which the conduct or ethics (professional or otherwise) (including billing practices) of any law firm or any individual attorney seeking here to be named as class counsel have been the subject of written inquiry by any court, administrative agency, or bar association, and provide the complete facts and disposition of the matter ("written inquiry" includes an inquiry stated on the record even if not documented in writing);

      7.  Identify (by court, filing date, judge's name, case name, case number, etc.) <u>all</u> cases (not limited to class actions or putative class actions) in which any law firm or any individual attorney

seeking to be named here as class counsel has been admonished or sanctioned by any court or agency and provide the complete facts and disposition of the matter;

     8. Identify (by court, filing date, judge's name, case name, case number, and charge) any criminal conviction (other than infractions) of any counsel seeking to be named as class counsel;

     9. Identify (by court, filing date, judge's name, case name, case number, etc.) <u>all</u> cases (not limited to class actions or putative class actions) in which any counsel or any law firm representing Plaintiff has previously represented, or is currently representing, Plaintiff or a close relative of Plaintiff;

     10. Provide any agreement relating to this action with any person or entity other than Plaintiff;

     11. Provide counsel's proposal for terms for attorney's fees, including hourly rates, and nontaxable costs;

     12. Describe any liens against the assets, etc. of any law firm or any individual attorney seeking to be named here as class counsel;

     13. Describe how counsel intends to staff this case and the means by which counsel will fund the necessary costs, including expert's fees. (The latter information may be filed in camera and under seal.);

     14. Provide any additional information that you believe would assist in determining whether the firm or individual attorney seeking to b names class counsel should be deemed adequate to serve as class counsel.

<u>See</u> Rule 23(g)(1)(C).

     The Court requires that each attorney and firm seeking here to be named as class counsel answer separately (but not necessarily in a separate document). In addition, counsel must provide all information responsive to items 5, 6, and 7 regarding any applicable case or circumstance involving a former law firm

4

but based in whole or in part on the conduct of the individual attorney seeking here to be named as class counsel, even if the case was not identified in response to an earlier question.

   IT IS SO ORDERED.

Date: October 31, 2022

                                                    Dale S. Fischer
                                                    United States District Judge